UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. LASLAU,

        Plaintiff,                      CIVIL ACTION NO. 12-10082

        v.                               DISTRICT JUDGE ROBERT H. CLELAND

COMMISSIONER OF                  MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS (DKT. 2) AND
PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (DKT. 3)**

On January 9, 2012, Plaintiff John D. Laslau ("Plaintiff") filed a *pro se* Complaint (Dkt. 1) along with an application to proceed without prepayment of fees, or in forma pauperis ("IFP") (Dkt. 2), and an application for appointment of counsel (Dkt. 3). Having reviewed both of the applications and the Complaint, the Court has determined that Plaintiff is able to pay the filing fee, thus it is **RECOMMENDED** that his application to proceed IFP be **DENIED**. Furthermore, the Court has determined that Plaintiff is not entitled to an appointment of counsel, thus, that application should also be **DENIED**.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court has discretion to grant or deny an IFP petition. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363 (4th Cir. 1980).

Having examined Plaintiff's IFP application, the Court concludes that Plaintiff's claim of financial hardship is not supported by his application. Plaintiff states that he has between $400,000 and $500,000 in bank accounts, and that he earns between $4,000 and $5,000 per month in bank interest. In short, Plaintiff has not demonstrated poverty. Thus, it is **RECOMMENDED** that Plaintiff's application to proceed IFP be **DENIED**. If the Court adopts this recommendation, Plaintiff should be directed to pay the clerk of the court the filing fee of $350 before being permitted to proceed with this case. If Plaintiff does not pay the filing fee by the date set by the Court, Plaintiff's case should be dismissed without prejudice.

As to Plaintiff's application for appointment of counsel, "appointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right." *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the [plaintiff's] ability to investigate and present his claims, along with any other relevant factors.") In this case, the interests of justice do not require appointment of counsel. Accordingly, it is also **RECOMMENDED** that Plaintiff's application for appointment of counsel be **DENIED.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise

some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 8, 2012

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 8, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*
