UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. LASLAU,

        Plaintiff,

                           Case No.12-cv-10082

vs.                         HON. GERSHWIN A. DRAIN


COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/


ORDER ACCEPTING REPORT AND RECOMMENDATION (# 30), OVERRULING
PLAINTIFF'S OBJECTIONS (#31), GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (# 28), DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (# 20), AND DISMISSING PLAINTIFF'S CLAIMS

## I.    INTRODUCTION

This matter is before the court on the parties' cross-motions for summary judgment

as to Plaintiff John D. Laslau's claim for judicial review of Defendant Commissioner of

Social Security's denial of his application for disability insurance benefits and social security

income benefits.   The matter was referred to Magistrate Judge Mark A. Randon, who

issued a report and recommendation on January 31, 2013, recommending that Mr. Laslau's

motion be denied, Defendant Commissioner's motion be granted, and the Commissioner's

findings and conclusions be affirmed.

II.     **PROCEDURAL AND FACTUAL HISTORY**

Mr. Laslau filed an application for disability insurance benefits and supplemental security income benefits on September 22, 2008 alleging disability as of October 22, 2007. After his application was denied, Mr. Laslau requested a hearing before an Administrative Law Judge ("ALJ").  On September 24, 2010, after holding a hearing on Mr. Laslau's claims, ALJ Michael R. McGuire issued a decision denying Mr. Laslau's claims for benefits, finding that Plaintiff could perform:

> light work . . . except [Plaintiff] must be able to sit and stand at will. [Plaintiff] should avoid climbing, crawling, crouching, or kneeling and should only perform other postural activities on occasion. [Plaintiff] is capable of performing reaching in all directions on occasion, and is limited to unskilled work due to pain interfering with his concentration.

(Tr. 17-18).

The ALJ further opined that Mr. Laslau, while unable to perform any past relevant work, could perform other work that exists in significant numbers in the national economy, such as host (150,000 available jobs; 10,400 jobs in Michigan), information clerk (80,000 jobs; 6,000 jobs in Michigan) or inspector (100,000 jobs; 5,500 jobs in Michigan).  (Tr. 22).

The Appeals Council of the Social Security Administration denied Mr. Laslau's request for review of the ALJ's decision on November, 4 2011, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).  Mr. Laslau initiated this civil action with this Court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

III.    **ANALYSIS**

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(c).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971).

Once an  ALJ determines that a claimant does not possess the residual functional capacity ("RFC") to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy."  *Varley v. Sec'y of Health and Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).  The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden.  *Id.*  "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's

physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F. 3d 504, 516 (6th Cir. 2010).

Plaintiff objects to the magistrate judge's conclusion that the vocational expert's ("VE") testimony does not present grounds for remand. Dkt. No. 30 at 11. Specifically, Plaintiff claims that the VE's testimony regarding jobs that Plaintiff could perform was inconsistent with the Dictionary of Occupational Titles ("DOT"). The basis of this claim is that at step three of the five-step disability analysis the ALJ found that Plaintiff had the RFC to perform, "light work . . . except [Plaintiff] must be able to sit and stand at will." (Tr. 17-18). The VE conceded that since the DOT does not address work situations that accommodate the option to sit and stand at will, her testimony is inconsistent with the DOT. The VE explained that her opinion is based on her, "experience performing direct job placement services, labor market surveys, and videotape job analysis for the last 15 and a half years." (Tr. 49).

The magistrate judge correctly concluded that the inconsistency between the VE's testimony and the DOT is not a basis for remand. The ALJ complied with the affirmative duty under S.S.R. 00–4p by asking the VE if the evidence provided conflicts with the DOT. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). When the VE stated that her testimony conflicted with the DOT the ALJ, "[i]dentif[ied] and obtain[ed] a reasonable explanation for [the] conflicts . . . ." SSR 00-4p. The explanation offered was reasonable since the DOT does not address work situations that allow for the option to sit and stand at will, so the VE had to base her opinion on her many years of experience. (Tr. 49). It is permissible for a VE to rely on her own experience and testify in a manner that conflicts with the DOT. *See  Dantzer v. Comm'r of Soc. Sec.*, 2011 WL 1113446 at *4

-4-

(N.D. Ohio March 24, 2011) ("The VE was permitted to rely upon her own experience, even if it in some way conflicted with the DOT.").

The ALJ is not required to go beyond this inquiry and question the VE about the basis of her testimony.  *See Lindsley,* 560 F.3d at 606.  It is Plaintiff's duty to cross-examine the VE about her opinion.  Plaintiff's failure to do so when provided with the opportunity does not provide a basis for remand.[1]  Since the VE's opinion was credible and uncontradicted, the ALJ did not err in adopting her opinion.  *See Thomas v. Comm'r of Soc. Sec.,* 2012 WL 655410 at *4 (E.D. Mich. Nov. 27, 2012).  Thus, the VE's testimony does not present a basis for remand.

Plaintiff also refers to several objections under the heading titled, "Miscelaneous Final Words."  Liberally construed, this Court finds that the Plaintiff also appears to raise the following objections:

1.      Plaintiff's drive to Springfield, visits to the health club, and daily activities were misinterpreted by the ALJ;

2.      The ALJ rendered his decision too quickly;

3.      Plaintiff's attorney was not interested in the proceedings; and

4.      Reports from two VEs that conflict with Ms. Peters' report was ignored.

These objections are without merit.  The first objection speaks to the ALJ's interpretation of Plaintiff's testimony about his activities.  Findings by the ALJ based on the testimony of live witnesses are entitled to great deference and Plaintiff has not given any

---

[1] Plaintiff contends that his attorney's failure to object to the VE's testimony actually supports his claim since his attorney was not a "job placement specialist."  Dkt. No. 31 at 2.  This claim is without merit as Plaintiff's representative need not be a job placement specialist to raise an objection to the VE's testimony.

reason to disturb these findings. Further, "[t]he ALJ could properly determine that [Plaintiff's] subjective complaints were not credible in light of [his] ability to perform other tasks." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001). The second and third objections have no basis in law and are thus without merit. Plaintiff's fourth objection was adequately responded to by the magistrate judge under the section entitled "Sentence Six Remand."

## IV.    CONCLUSION

Accordingly,

Plaintiff's Objections (#31) are OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Mark Randon's January 31, 2013 report and recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment (#28), DENIES Plaintiff John D. Laslau's Motion for Summary Judgment (#20) and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated:  April 16, 2013

> s/Gershwin A. Drain
> GERSHWIN A. DRAIN
> UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 16, 2013, by electronic and/or ordinary mail.
s/Tanya Bankston
Deputy Clerk